

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2004

# Dabo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Dabo v. Atty Gen USA" (2004). *2004 Decisions.* Paper 589.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/589

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1265

MAMADY DABO,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A29-114-002)

Argued May 27, 2004
Before: SCIRICA, *Chief Judge*, FISHER and ALARCÓN*, *Circuit Judges*

(Filed: June 21, 2004)

TIMOTHY F. MULLIGAN, ESQUIRE (Argued)
JOSEPH W. LONERGAN, ESQUIRE
PHYLLIS A. FORMAN, ESQUIRE
Catholic Social Services
227 North 18th Street
Philadelphia, Pennsylvania 19103
        Attorneys for Petitioner

_____

   *The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

MARGARET K. TAYLOR, ESQUIRE (Argued)
DAVID V. BERNAL, ESQUIRE
MARK C. WALTERS, ESQUIRE
LINDA S. WERNERY, ESQUIRE
JOHN M. McADAMS, JR., ESQUIRE
MARGARET PERRY, ESQUIRE
ANDREW C. MacLACHLAN, ESQUIRE
STEPHEN J. FLYNN, ESQUIRE
JACQUELINE R. DRYDEN, ESQUIRE
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
      Attorneys for Respondent

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Petitioner Mamady Dabo, a citizen of Guinea, entered the United States as a visitor on September 19, 1989, for an authorized stay until September 30, 1989. On November 30, 1999, the INS issued a Notice to Appear, charging him with being removable under 8 U.S.C. § 1227(a)(1)(B). Dabo conceded removability but applied for asylum, withholding of removal and protection under the Convention Against Torture, and in the alternative requested voluntary departure. The Immigration Judge denied Dabo's applications for relief and ordered his removal to Guinea, and the BIA affirmed this decision. Dabo timely filed a petition to review the BIA's dismissal, as well as a motion

2

to stay his removal pending resolution of the petition for review. On May 9, 2003, this Court denied the motion to stay removal.

On March 27, 2003, Dabo submitted to the BIA a motion to reopen/reconsider, based on new evidence, and he submitted further supplemental materials on May 23, 2003.[1] On May 29, 2003, Dabo was removed to Guinea. The BIA, unaware of the deportation, granted his motion to reopen for withholding of removal and CAT protection on September 30, 2003, under 8 C.F.R. § 1003.2(c)(1). The BIA stated in its order:

> We find that, by means of the motion and accompanying material, the respondent has fulfilled the heavy evidentiary burden relevant to reopening, with respect to his renewed requests for withholding of removal and CAT relief. *See Matter of Coelho, supra.* Accordingly, we will grant the motion to reopen and will remand the record. On remand, both the respondent and the DHS may present any and all available relevant evidence.

*In re Dabo,* No. A29 114 002 (BIA filed Sept. 30, 2003).

Eight months after Dabo's removal, the BIA was informed of the deportation. It issued a *per curiam* order dated April 4, 2004, vacating under 8 C.F.R. § 1003.2(d) its

---

[1]The documentary evidence submitted to support the motion to reopen included a letter from an opposition party official dated March 6, 2003, stating that respondent "is chased by the authorities because of his political affiliation;" a document on the letterhead of a Guinean human rights organization, OGDH, listing Dabo on a "blacklist" allegedly maintained at the airport of Conakry, Guinea; a document on OGDH letterhead dated February 15, 2003, stating that Dabo's father, a military official in the ousted regime, was arrested and killed by members of the current government and that "Mamady DABO and [siblings] risk of jailing and tortures, and even the death penalty in the event of force or volunteer return in Guinea;" and a letter written by Ibrahima K. Toure, Secretary General of RPG-USA, dated May 9, 2003, explaining that Dabo played an active role in planning various marches against "the despotic regime of Guinea," and that he faces grave danger if he were returned to Guinea.

3

previous grant of the motion to reopen. Dabo's petition for review remains before this court.[2] He urges a remand to the BIA for consideration of new evidence not available at the time of the BIA's original decision, including compelling evidence of his arrest, imprisonment and torture upon his removal to Guinea.[3]

Given the precedent set in *Lukwago v. Ashcroft,* 329 F.3d 157 (3d Cir. 2003) (remanding an order of deportation to the BIA to determine "whether there have been changed circumstances that would affect [petitioner's] request for removal and/or whether [petitioner's] relocation within Uganda would be reasonable"), and *INS v. Ventura,* 537 U.S. 12 (2002) (holding that a court of appeals exceeded its legal authority when it decided a "changed circumstances" evaluation on its own, instead of remanding the matter to the BIA), the BIA's disposition to grant the motion to reopen, and the allegedly compelling new evidence showing certain likelihood of future persecution in Guinea, we will grant the petition for review and remand Dabo's application for ~~withholding of removal~~ to the BIA for further consideration.

---

[2]We retain jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1).

[3]Among other extra-record evidence submitted to this Court, Dabo included a newspaper article dated June 30, 2003, describing his arrest and imprisonment at Koundara, Guinea. The article surmised that Dabo paid "a large sum of money for" his escape from the prison and fled to nearby Senegal or the Ivory Coast. Dabo also presented his wife's sworn declaration corroborating the events described in the newspaper article.

4